IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FELIPE DELEON, JR., ID # 811123,      )
         Plaintiff,      )
vs.      )      No. 3:07-CV-1912-M (BH)
              )      ECF
CINDY DYER, et al.,      )      Referred to U.S. Magistrate Judge
        Defendants.      )

SUPPLEMENTAL
FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementa-

tion thereof, subject cause has previously been referred to the United States Magistrate Judge.  The

supplemental findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I.  BACKGROUND

In November 2007, Plaintiff, a prisoner in the Texas prison system, filed this action pursuant

to 42 U.S.C. § 1983.  He sues three Dallas County District Attorneys, Judge John C. Creuzot, and

Dallas County for claims relating to his arrest and incarceration for aggravated assault with a

handgun.  According to Plaintiff, he was convicted of aggravated assault and sentenced to sixty years

imprisonment on December 10, 1997, despite the issuance of an arrest warrant that was substantially

defective in that it relied on an affidavit from the complainant that was not notarized.  (*See generally*

Compl.; Answer to Question 2 of Magistrate Judge's Questionnaire (MJQ).[1])  For this reason, he

argues, Defendants lacked jurisdiction to prosecute him.  (Compl. at 3.)

On January 8, 2008, the Court construed Plaintiff's allegations as a claim for false

---

[1] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint.  *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

imprisonment and recommended that the District Court dismiss this action with prejudice until such time as Plaintiff satisfies the conditions set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff thereafter objected to the construction given his claims and moved to amend his complaint. Contemporaneously with this recommendation, the Court has granted Plaintiff leave to amend his complaint.

In his amended complaint, Plaintiff names the same five defendants but characterizes his claims based on the allegedly invalid complainant affidavit attached to the arrest warrant as alleging (1) misuse of power; (2) abuse of process; and (3) competent jurisdiction. (*See* Am. Compl. at 2-6.[2]) Plaintiff contends that defendants filed and misused the affidavit to coerce an arrest warrant and indictment as well as immaterial testimony during trial. (*Id.* at 5.) For his abuse-of-process claim, Plaintiff additionally contends that Judge Creuzot dismissed the invalid affidavit with the arrest warrant.[3] (*See id.* at 4-5.) Finally, as to his jurisdictional claim, Plaintiff claims that the dismissal of the arrest warrant bars re-litigation of the invalid affidavit. (*See id.* at 5-6.) Plaintiff seeks reversal of the decision of the defendants to continue to prosecute and convict him despite the invalidity of the affidavit, reversal of his criminal conviction, and monetary damages. (*Id.* at 7.) No process has been issued in this case.

---

[2] The amended complaint starts with page two and proceeds sequentially from there. The Court cites to the amended complaint as numbered.

[3] To support the allegation that Judge Creuzot dismissed the affidavit and arrest warrant, Plaintiff submits a trial docket sheet which reflects: "B/F set aside, warrant recalled". (*See* App. 4 attached to Compl.) The "B/F" notation appears to refer to bond forfeiture. (*See id.*) The exhibit does not otherwise mention any warrant and never mentions any affidavit. (*See id.*)

## II. PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994) "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

## III. SECTION 1983

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 under three theories – misuse of power, abuse of process, and competent jurisdiction – that essentially attack the validity of an affidavit attached to the arrest warrant which led to his arrest and subsequent conviction. Section 1983 "pro-

vides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.*

As part of the relief sought in this action, Plaintiff seeks the reversal of his conviction and a decision to continue to prosecute and convict him despite the invalidity of an affidavit attached to his arrest warrant. Release from imprisonment, however, is an inappropriate remedy in an action brought pursuant to 42 U.S.C. § 1983. *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974). Furthermore, reversal of a decision to prosecute or convict is not an appropriate remedy in a civil action. If Plaintiff is entitled to any requested relief in this § 1983 action, he is entitled only to monetary relief.

## A. <u>Heck Bar</u>

In this case, it appears that the crux of Plaintiff's amended complaint is that he was unlawfully arrested and convicted due to an alleged invalid complainant affidavit attached to the warrant for his arrest. Under *Heck v. Humphrey*, 512 U.S. 477 (1994), when a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, the complaint must be dismissed, unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. 512 U.S. at 486-87.

From the documents filed in this case, it appears that Plaintiff remains incarcerated pursuant to the sentence imposed in the criminal action that forms the crux of this case. Nothing in his com-

plaint indicates that his conviction has been successfully overturned, reversed on appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court in a habeas proceeding. To the extent that *Heck* applies and bars the claims raised in Plaintiff's amended § 1983 complaint, such complaint has no basis in law and would be subject to dismissal as frivolous. *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (holding that "[a] §1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question"). The Court need not, however, determine whether *Heck* bars the claims raised in the amended complaint because the case presents issues that are appropriate for early and final determination. *See Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458, 462 n.6 (5th Cir. 1998) (when an action raises an issue of immunity, the court to the extent it is feasible to do so should determine that issue as early in the proceedings as possible); *Hulsey v. Owens*, 63 F.3d 354, 356 (5th Cir. 1995) (same); *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (same); *Reed v. City of Dallas*, No. 3:05-CV-0004-G, 2006 WL 1876638, at *3-4 (N.D. Tex. June 29, 2006) (accepting recommendation that a failure to allege any official policy or custom so as to impose municipal liability provides an issue that is appropriate for early and final determination).

## B. Prosecutorial Immunity

Plaintiff sues three Dallas County District Attorneys for alleged misuse of power, abuse of process, and competent jurisdiction. As already mentioned, each of these claims involve an allegedly invalid complainant affidavit attached to a warrant for Plaintiff's arrest. Plaintiff contends that defendants filed and misused the affidavit to coerce an arrest warrant, an indictment, and immaterial testimony during trial.

Prosecutors enjoy absolute immunity to initiate and pursue criminal prosecutions. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Such immunity covers preliminary actions such as preparing and filing a motion for arrest warrant. *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997). Plaintiff in this case has made no allegation that the District Attorneys acted other than in their adjudicative role as prosecutors. The District Attorneys thus have absolute immunity against Plaintiff's claims.

## C. Judicial Immunity

Plaintiff seeks monetary damages from a state judge for his part in Plaintiff's state criminal action. However, the United States Supreme Court has recognized absolute immunity for judges acting in the performance of their judicial duties. *See Nixon v. Fitzgerald*, 457 U.S. 731, 745-46 (1982). Judges are immune from suit for damages resulting from any judicial act unless performed in "the clear absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-357 (1978). Furthermore, allegations of bad faith or malice do not overcome judicial immunity. *Mireles*, 502 U.S. at 11.

Plaintiff makes no allegation that Judge Creuzot acted outside the scope of his judicial duties. He makes only one specific allegation regarding Judge Creuzot – that the judge dismissed the arrest warrant with the invalid affidavit. Although he makes a vague jurisdictional claim, the claim presents no facts to support any finding that the judge acted without jurisdiction. The premise for the jurisdictional claim appears to lie with the invalidity of the arrest warrant and its "relitigation." Plaintiff, however, was indicted for aggravated assault. (*See* App. 5, attached to Am. Compl.) Such indictment itself provides a legally sufficient basis to arrest Plaintiff. *See Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). The indictment also provides the trial court jurisdiction to try and convict Plaintiff. *See* Tex. Const. Art. V, § 12(b); *Duron v. State*, 956 S.W.2d 547, 550-51

(Tex. Crim. App. 1997). In light of the indictment, there is no basis for finding that Judge Creuzot acted without jurisdiction. For the foregoing reasons, Judge Creuzot is absolutely immune to the claims asserted against him, and the Court should dismiss the claims.

## D. Municipal Liability

Plaintiff sues Dallas County for alleged misuse of power, abuse of process, and competent jurisdiction. However, to hold a municipality like Dallas County liable under 42 U.S.C. § 1983, plaintiffs must show an "underlying claim of a violation of rights", as well as, "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005), *cert. denied*, 547 U.S. 1130 (2006); *Stephens v. Dallas County*, 3:05-CV-1009-K, 2007 WL 34827, at *5 (N.D. Tex. Jan.4, 2007). Because Plaintiff has not alleged any official policy or custom on the part of Dallas County that violated his constitutional rights and because his amended complaint shows no policy or custom, his claims against Dallas County necessarily fail.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS** Plaintiff's amended complaint with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Such dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[4]

---

[4]  Section 1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**SIGNED this 7th day of April, 2008.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE